IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOHN D. STALNAKER, Trustee in the Bankruptcy Estate of Marvin Earl Hughes and Kathleen Terry Bonnell,<br><br>Plaintiff,<br><br>vs.<br><br>KATHLEEN T. BONNELL and JAMES JOHN JORISSEN, Trustees of the United States of America and Totonaca Tribe of Mexico Irrevocable Trust, MERRIL INVESTMENT GROUP, Beneficiary, and VANGUARD SERVICES COMPANY,<br><br>Defendants. | 4:20CV3100<br><br><br>ORDER AND<br>FINDINGS AND<br>RECOMMENDATION |

This matter is before the Court on the Motion to Strike Defendants' Notice of Removal and Further Related Documents and Filings (Filing No. 21) filed by the plaintiff, John D. Stalnaker, Trustee in the Bankruptcy Estate of Marvin Earl Hughes and Kathleen Terry Bonnell. For the following reasons, the undersigned magistrate judge will grant Plaintiff's motion to the extent it requests unauthorized pro se pleadings to be stricken, and will recommend this case be remanded to the District Court for Adams County, Nebraska.

**BACKGROUND**

Plaintiff is the trustee in the bankruptcy estate of Marvin Earl Hughes and Kathleen T. Bonnell, proceeding in the United States Bankruptcy Court for the District of Nebraska, Case No. BK 18-41582. On March 28, 2019, in his capacity as trustee of the bankruptcy estate, Plaintiff filed a Complaint against the above-named defendants in the District Court for Adams County, Nebraska, alleging claims under the Nebraska Uniform Fraudulent Transfer Act ("NUFTA"), Neb. Rev. Stat. § 36-701, et seq. Specifically, the Complaint sought a decree that certain transfers of real estate located in Hastings, Adams County, Nebraska, were void. (Filing No. 7). The state court case proceeded, and the defendants filed various documents in the state court case, including motions to dismiss, which were denied by the state court. The state court case was stayed on August 22, 2019, pursuant to the automatic stay provision of the United States Bankruptcy Code

after the defendants filed a notice of bankruptcy.  On August 18, 2020, Plaintiff filed a "Motion to Reactivate" the state court case.  (Filing No. 8).

On August 28, 2020, Kathleen T. Bonnell, pro se, removed the case to this court.  (Filing No. 1).  Bonnell's notice of removal appears to invoke diversity jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000.  The notice also invokes federal question jurisdiction because a property interest of the "United States and Totonaca Tribe of Mexico" is at issue.  James John Jorissen, also pro se, filed a similar notice of removal attached to Bonnell's notice.  (Filing No. 1-1).  On September 11, 2020, Plaintiff filed the instant motion to strike the notice of removal as being improperly filed by a pro se litigant on behalf of a trust.  (Filing No. 21).

## ANALYSIS

This case cannot remain in this court for a variety of reasons.  First, the removing parties have not established that this court has subject matter jurisdiction.  Under 28 U.S.C. § 1441, "[a] defendant's removal of a case to federal court is appropriate 'only if the action originally could have been filed there.'" *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 444 (8th Cir. 2010)(quoting *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 619 (8th Cir. 2010)).  "[T]he party seeking removal has the burden to establish federal subject matter jurisdiction[.]"  *Cent. Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009)(internal citations omitted).[1]  "A federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985) (citing *Philbrook v. Glodgett*, 421 U.S. 707 (1975)).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

A district court can attain subject-matter jurisdiction under federal question or diversity jurisdiction.  See 28 U.S.C. §§ 1331-32.  A district court's federal question jurisdiction extends to

---

[1] Additionally, a notice of removal must "be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b).  Here, the Notice of Removal was filed over a year after the defendants were served with the Complaint, and was therefore untimely. Plaintiff did not raise the untimeliness as a defect in removal so the Court will consider that defect waived.  See *Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525, 528 (8th Cir. 1996)("A procedural defect in removal, such as untimeliness, does not affect the federal court's subject matter jurisdiction and therefore may be waived.").

"all civil actions arising under the Constitution, laws, or treaties of the United States." See 28 U.S.C. § 1331. Diversity jurisdiction is limited to cases in which the "controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" See 28 U.S.C. § 1332(a). The removing parties have not established that either type of jurisdiction exists.

First, although the notices of removal mention the amount in controversy exceeds $75,000, it remains silent as to the citizenship of the parties. Additionally, review of the other documents and pleadings before the Court indicate both Plaintiff and at least one named defendant, Bonnell, are Nebraska residents. see *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007)("Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship."). Accordingly, the removing parties have not established that diversity jurisdiction exists.

Next, the removing parties have not established that any federal issue or interest is implicated such that this court has federal question jurisdiction. Plaintiff's Complaint seeks recovery solely under Nebraska state law. Additionally, this court rejected a similar attempt by Bonnell to remove a creditor's state lawsuit regarding the same real property at issue in this case. See *Koos Enterprises, LLC v. Hughes*, No. 4:18CV3098, 2018 WL 4957329, at *1 (D. Neb. Sept. 26, 2018), *findings and recommendation adopted*, No. 4:18CV3098, 2018 WL 4953009 (D. Neb. Oct. 12, 2018). The state court judgment arising out of those proceedings characterizes the transfer of the real property to the tribal trust as a "sham transaction" with "exactly zero evidence that the tribe actually exists[.]" (Filing No. 7 at p. 20). As determined by that state court, there is no evidence supporting a claim that the real estate at issue was transferred to an irrevocable trust in favor of the United States or the (apparently fictitious) Totonaca Tribe of Mexico. Because the Complaint alleges only state court claims and there is no evidence that any federal question or interest is implicated, federal question jurisdiction does not exist.

Finally, Bonnell and Jorissen are non-lawyers acting pro se purporting to represent a trust. A non-lawyer has no right to represent another entity, including a trust, in this court. *Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 347-48 (8th Cir. 1994)("A nonlawyer, such as these purported 'trustee(s) pro se' has no right to represent another entity, i.e., a trust, in a court of the United States.")(citing 28 U.S.C. § 1654); *Joshua Bldg. Tr. v. Clementi*, 78 F.3d 588 (8th Cir. 1996)("A non-lawyer trustee may not represent a trust pro se in federal court."). Likewise,

Nebraska considers it the unauthorized practice of law for non-lawyer trustees to represent the interest of the trust in state courts. *Back Acres Pure Tr. v. Fahnlander*, 443 N.W.2d 604, 605 (Neb. 1989)("[A] trustee's duties in connection with his or her office do not include the right to present argument pro se in courts of the state, because in this capacity such trustee would be representing interests of others and would therefore be engaged in the unauthorized practice of law."). Therefore, Bonnell and Jorissen's attempt to file a notice of removal as nonlawyer trustees is a nullity, and the Court will direct that it be stricken. *See Kelly v. Saint Francis Med. Ctr.*, 889 N.W.2d 613, 621 (Neb. 2017)("[P]ro se pleadings filed on behalf of others are a nullity, thus they have no legal effect and are the same as if they have never existed."). For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Strike Defendants' Notice of Removal and Further Related Documents and Filings (Filing No. 21) is granted. The Clerk of Court shall strike the unauthorized Notice of Removal at Filing No. 1; and

**IT IS HEREBY RECOMMENDED** to Senior United States District Court Judge Laurie Smith Camp that this case be remanded to the District Court for Adams County, Nebraska.

Dated this 24th September, 2020.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

**ADMONITION**

A party may object to a magistrate judge's findings and recommendation by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation. NECivR 72.2. Failure to timely object may constitute a waiver of any objection.