IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JOHN D. STALNAKER, Trustee in the
Bankruptcy Estate of Marvin Earl
Hughes and Kathleen Terry Bonnell;

Plaintiff,

vs.

KATHLEEN T. BONNELL, as Trustee
of the United States of America &
Totonaca Tribe of Mexico Irrevocable
Trust; et al.,

Defendants.

4:20-CV-3100

MEMORANDUM AND ORDER

This matter is before the Court on the Magistrate Judge's Findings and Recommendation (filing 27), recommending that this case be remanded to state court for lack of subject-matter jurisdiction, and the plaintiff's Motion to Remand and For Award of Costs and Attorney's Fees (filing 28). The defendants did not object to the Magistrate Judge's recommendation or respond to the plaintiff's motion. For the reasons discussed below, the Findings and Recommendation will be adopted in their entirety, and the Motion to Remand and for an Award of Costs and Attorney Fees will be granted in part (as to the remand) and denied in part (as to the costs and fees).

BACKGROUND

The plaintiff is the trustee in the bankruptcy estate of Marvin Earl Hughes and Kathleen T. Bonnell, Case No. BK 18-41582. In his capacity as trustee, the plaintiff filed a complaint against the defendants in state court, alleging claims under the Nebraska Uniform Fraudulent Transfer Act, Neb. Rev. Stat. § 36-701 *et seq*. Following an automatic bankruptcy stay of almost a

year, the plaintiff sought to reactivate the state case, and the defendants removed the case to this Court. The defendants appeared to assert both federal question and diversity jurisdiction. *See* filing 1.

The plaintiff moved to strike the notice of removal. Filing 21. The Magistrate Judge granted that motion and, *sua sponte*, recommended that this case be remanded for lack of subject-matter jurisdiction. Filing 27. The plaintiff also moves to remand the case to state court, arguing the Court lacks subject matter jurisdiction. *See* filing 29.

## ANALYSIS
### FEDERAL SUBJECT MATTER JURISDICTION

The Court is obliged to consider whether it has subject matter jurisdiction when the Court believes jurisdiction may be lacking. *See Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011); *Clark v. Baka*, 593 F.3d 712, 714 (8th Cir. 2010); *see also Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014). And in this case, both diversity and federal question jurisdiction are plainly absent.

To begin with, there is not complete diversity between the parties. Complete diversity requires no defendant to hold citizenship in the same state where any plaintiff holds citizenship. *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). The plaintiff and one of the defendants, Bonnell, are both Nebraska residents, so complete diversity does not exist.[1]

---

[1] The Court notes the references in the defendants' filings to the "Totonoca Tribe of Mexico." Filing 1 at 1. The Court questions the relationship of that people to this case, but regardless: "[I]t is clear that an Indian tribe is not a citizen of any state and cannot sue or be sued in federal court under diversity jurisdiction." *Standing Rock Sioux Indian Tribe v. Dorgan*, 505 F.2d 1135, 1140 (8th Cir. 1974); *accord Auto-Owners Ins. Co. v. Tribal Ct. of the Spirit Lake*

And there is no federal question jurisdiction because the plaintiff in this case seeks recovery solely under Nebraska state law. Federal question jurisdiction exists if the well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998)). The complaint alleges fraudulent transfer of real estate under Neb. Rev. Stat. § 36-701 *et seq*. That claim does not arise under federal law or involve a substantial question of federal law.

Instead, the defendant is invoking federal laws as defenses to a state-law claim. But it's "settled law that a case may not be removed to federal court on the basis of a federal defense." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). Indeed, the defendants

> cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated. If a defendant could do so, the plaintiff would be master of nothing. Congress has long since decided that federal defenses do not provide a basis for removal.

*Id*. at 399. The defendants cannot remove this case to this Court on those grounds.[2]

---

*Indian Res.*, 495 F.3d 1017, 1020 (8th Cir. 2007); *see* 28 U.S.C. § 1332(a)(1). Nor are tribes foreign states. *Auto-Owners Ins. Co.*, 495 F.3d at 1021 (citing *Gaming World Int'l v. White Earth Band of Chippewa Indians*, 317 F.3d 840, 847 (8th Cir. 2003)); *see* § 1332(a)(4).

[2] The defendants also suggest that federal question jurisdiction can be premised on the presence of a tribe. Filing 1 at 1. Again leaving aside whether a tribe is truly present here,

3

Because the Court lacks subject matter jurisdiction over the case under federal question jurisdiction and diversity jurisdiction, the plaintiff's motion to remand will be granted.

### COSTS AND ATTORNEY FEES

The plaintiff's request for costs and attorney's fees will be denied. Under 28 U.S.C. § 1447(c), "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The trial court "should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Id*. at 140.

Whether to award fees and costs in this case is a close question. The Court is reluctant to blame pro se defendants for what *could* be a good faith (if utterly incorrect) understanding of their legal rights, and to some extent, the burden of chasing down assets is an expected cost of doing business for a bankruptcy trustee. But this is the second case that has been remanded to Nebraska state court involving the property in question. *Koos Enterprises, LLC v. Hughes*, No. 4:18CV3098, 2018 WL 4957329, at *1 (D. Neb. Sept. 26, 2018), findings and recommendation adopted, No. 4:18-CV-3098, 2018 WL 4953009

---

that proposition is simply incorrect: the presence of a tribal sovereign as a party is not by itself sufficient to raise a federal question. *See Peabody Coal Co. v. Navajo Nation*, 373 F.3d 945, 949 (9th Cir. 2004).

(D. Neb. Oct. 12, 2018). And various aspects of this case suggest gamesmanship.

But the Court need not finally confront that decision at this point, because the plaintiff's request for attorney's fees and costs is unsupported by evidence establishing those fees and costs. Accordingly, the Court will deny the request without prejudice to reasserting that request post-judgment pursuant to Fed. R. Civ. P. 54(d).

IT IS ORDERED:

1. The magistrate judge's findings and recommendation (filing 27) are adopted.

2. The plaintiff's motion to remand and for an award of costs and attorney's fees (filing 28) is granted in part and denied in part.

3. This case is remanded to the District Court for Adams County, Nebraska.

4. A separate judgment will be entered.

Dated this 5th day of January, 2021.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Chief United States District Judge